UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLORIA ROSE,                                    CASE NO.:  8:20-cv-320-T-33CPT

              Plaintiff,

vs.

CORT BUSINESS SERVICES
CORPORATION,

              Defendant.
_____/

## PLAINTIFF'S MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, GLORIA ROSE, pursuant to federal law, files this Motion to Remand on the basis that this Court does not have subject matter jurisdiction over this action and states as follows:

1.      On December 31, 2019, Plaintiff filed a one-count action in Hillsborough County Circuit Court under Florida's Private Whistleblower Act, Fla. Stat. § 448.102 ("FWA"), for retaliation.

2.      On February 10, 2020, Defendant filed a Notice of Removal removing Plaintiff's Complaint to federal court on the basis of diversity jurisdiction.  *See* D.E. 1.

3.      Plaintiff files this Motion to Remand seeking a determination from this Court that subject matter jurisdiction does not exist because Defendant has failed to meet its burden that the amount in controversy level is met for purposes of removal based upon diversity jurisdiction.  As

further explained below, this Court should remand this action back to Hillsborough County Circuit Court.

## **MEMORANDUM OF LAW**

I.    Standard of Review.

Defendant, "as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000." *Avramides v. Genesis Eldercare Rehabilitation Services, LLC*, 2017 WL 359884, *2 (M.D. Fla. Jan. 25, 2017) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy <u>at the time of removal</u>, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis added); *see also Wineberger v. RaceTrac Petroleum, Inc.*, 672 Fed. Appx. 914, 917 (11th Cir. 2016) ("The parties agree that a district court must review the amount in controversy at the time of removal.") (internal quotations omitted). "As always, we strictly construe removal statutes, resolving all doubts in favor of remand." *Mann v. Unum Life Ins. Co. of America*, 505 Fed. Appx. 854, 856 (11th Cir. 2013).

II.    Back and Front Pay.

Here, Defendant alleges that Plaintiff's unmitigated back pay (salary and commissions), through the expected date of trial would be approximately $246,720.67.  D.E. 1, p. 5.  For purposes of removal, the amount in controversy at the time of trial is immaterial as case law holds that the amount in controversy is to be calculated at the <u>date of removal</u>, not through the date of trial or judgment.  *See Pretka* and *Winberger, supra*.  Defendant further alleges that Plaintiff's <u>unmitigated</u> back pay (salary and commissions), through the date of removal, is $73,814.904. D.E. 1, p. 4.  However, for purposes of removal, this number is also immaterial as

Plaintiff was able to secure new employment seventeen (17) weeks following her termination, and thus her back/front pay damages are greatly mitigated.

Defendant notes in its Notice of Removal that courts are mixed regarding whether post-removal back/front pay should be included in the amount in controversy calculation. *See id.* at pp. 3-4. However, the recent trend, including the Eleventh Circuit cases of *Pretka* and *Wineberger* cited above, is to calculate the amount in controversy at the time of removal. *See also Avramides*, 2017 WL 2609551 at *2; *Massey v. SOKC, LLC*, 2012 WL 4866935 (M.D. Fla. Oct. 15, 2012) (agreeing that back pay calculated at time of removal); and *Ogle v. Kauffman Tire, Inc.*, 2016 WL 3913138, *2 (M.D. Fla. July 20, 2016) (remanding FWA complaint to state court and holding that back pay calculated at time of removal). This approach makes sense because otherwise any plaintiff alleging a violation of state law that involves back pay, front pay, and compensatory damages would in effect likely satisfy the amount in controversy requirement and make all cases removable. *See Mitchell v. Tuesday Morning, Inc.*, 2011 WL 2462706, *2 (M.D. Fla. June 21, 2011) (rejecting argument that the amount in controversy requirement is satisfied in any case where a plaintiff alleges civil rights violations and damages in the form of back pay, front pay, compensatory damages, and punitive damages). Thus, this Court should calculate the amount in controversy from the date of removal.

Additionally, Plaintiff's back pay and front pay has been mitigated by her subsequent employment. Here, attached as **Exhibit "A**," is Plaintiff's Declaration which provides evidence of Plaintiff's new employment which mitigates her back pay damages. "Most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation." *Boyd v. Northern Trust Company*, 2016 WL 640529, *3 (M.D. Fla. Feb. 18, 2016) (internal citations and quotations omitted). Plaintiff was able to find

new employment seventeen (17) weeks following her termination by Defendant, and has continued to work for her new employer at a rate of pay that is approximately $2,403.85 per week. *See* Ex. A, ¶¶ 7, 10. As such, Plaintiff's total back pay for the seventeen (17) weeks she was unemployed is $56,935.54.[1]  Plaintiff's total back pay from the date of removal is $61,662.04.[2]  Also, while calculations of front pay may be speculative, Plaintiff's current pay is only $945.30 less per week than was her base pay plus commissions that she was earning with Defendant.  Thus, her mitigated back pay would be limited as well.  As such, this Court should find that Plaintiff's alleged back and front pay at the time of removal does not meet the amount in controversy for diversity jurisdiction.

III.    Compensatory Damages and Attorney's Fees.

In regard to compensatory damages, Defendant makes no analysis or calculation as to any such damages other than to say that Defendant expects that Plaintiff, as with most plaintiffs in employment retaliation cases, seeks more than $75,000 in compensatory damages.  *See* D.E. 1, p. 5.  Courts have held that where removing defendants offer only conclusory and nebulous statements regarding the value of compensatory damages that such compensatory damages should not be included in the calculation for the amount in controversy.  *See Vanterpool v. Amazon.com, LLC*, 2017 WL 2609551, *3 (M.D. Fla. June 16, 2017) (holding that because allegations and defendant's information about compensatory damages were nebulous that the

---

[1] Using Defendant's same calculation as outlined at D.E. 1, p. 4, which totaled $73,814.90 for the 22 weeks from Plaintiff's termination through the date of removal, but extrapolating over 17 weeks which was the timespan between Plaintiff's termination and subsequent employment.

[2] This number is the sum of Plaintiff's back pay during her 17 weeks of unemployment ($56,935.54) plus her mitigated back pay damages from January 6, 2020, the date of her new employment, through the date of removal, February 10, 2020 (5 weeks x $945.30 back wages per week).

Court would not include any compensatory damage amount in the amount in controversy calculation); and *Ogle*, 2016 WL 3913138 at *2 ("The Court finds the speculations as to attorney's fees and compensatory damages to also be too nebulous to support the Defendant's contentions.")  Here, Defendant's Notice of Removal gives no detail, facts, or analysis as to what the actual compensatory damages would be in this case.  As such, Defendant has not carried its burden in proving compensatory damages to meet the amount in controversy requirement.

Additionally, in its Notice of Removal Defendant simply makes a blanket assertion that Plaintiff is entitled to attorneys' fees without setting forth any detail, facts, or analysis as to what the actual attorneys' fees would be in this case.  *See* D.E. 1, p. 5.  This Court should reject Defendant's unsupported attorney fee allegation because it includes potential fees incurred through trial, rather than the fees incurred only through the date of removal, and because it is a conclusory allegation it is completely unsupported.  First, based on case law cited above, the amount in controversy is calculated on the date of removal, not the date through trial.  *See supra*; *see also Vanterpool*, 2017 WL 2609551 at *2; *Avramides*, 2017 WL 359884 at *1.  Thus, any attorneys' fees added to the calculation would not cause the amount in controversy to exceed $75,000 at the time of removal.  Second, Defendant's nebulous statements regarding attorneys' fees are completely unsupported by any detail, evidence or analysis and should not be considered by this Court.  *See Ogle*, 2016 WL 3913138 at *2; *Vanterpool*, 2017 WL 2609551 at *2. Plaintiff has attached Affidavits executed by her counsel setting forth that her attorneys' fees and costs at the time of removal are $4,565.35.00. *See* Ex. B, ¶¶ 6, 7; Ex. C, ¶¶ 6, 7.  As such, the amount in controversy is $66,227.39 which does not satisfy the jurisdictional threshold for removal.

IV.   This Court Must Remand.

Defendant's Notice of Removal, combined with Plaintiff's Affidavits regarding mitigated damages and attorneys' fees incurred, shows that Defendant has failed to carry its burden in regard to proving the amount in controversy to establish diversity jurisdiction in this case.  Here, Defendant has shown no particularized analysis or evidence that the amount in controversy in this matter as in excess of $75,000 on the date of removal.  Whereas, Plaintiff has set forth specific detail to establish that it does not.  As such, this Court must remand this action to state court.

WHEREFORE, Plaintiff respectfully requests this Court remand this action to Hillsborough County Circuit Court and to issue any other relief which is just and proper.

Dated this 28th day of February, 2020.

Respectfully submitted by,

**/s/ JAMES J HENSON**
James J Henson, Esq.
FBN 77476
**/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32802
Telephone (407) 428-6241
Fax:  (407) 245-3342
Email: jjhenson@forthepeople.com
        jpavlos@forthepeople.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: all attorneys of record.

**<u>/s/ JAMES J. HENSON</u>**
James J. Henson, Esq.
